**Caitlin V. Mitchell**, OSB No. 123964
cmitchell@justicelawyers.com
JOHNSON JOHNSON LUCAS & MIDDLETON PC
975 Oak Street, Suite 1050
Eugene, OR 97401
Tel: 541-484-2434
Fax: 541-484-0882
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **CHARITY TYLER**, personal representative for the Estate of Robert Hight III, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>**CLACKAMAS COUNTY,** an Oregon County; **NAPHCARE, INC.**, an Alabama Corporation**; Taylor Rumelhart**, an individual; **Therese Hutchins**, an individual; **Svetlana Nikolayevna Ignashov**, an individual; **Gia Stone**, an individual; **Donna Conway**, an individual; **Jill Crum**, an individual; **Angela Brandenburg**, an individual; **Emma Kathleen Lucas**, an individual; **Benjamin Cyphers**, an individual; **Corey Smith**, an individual; **Emily Radmer**, an individual; **Aaron J. Hatfield**, an individual; **Arthur Sean Johnson**, an individual; **Nicholas J. Johnson**, an individual; **Matthew Savage**, an individual; **Victor Villalta**, an individual; **Ryan Therle Lewis Teeter**, an individual; **Robert Joseph Pena**, an individual; **Nicole M. Yakis**, an individual; **Brannon James MacFarlane**, an individual; **Felix Sebastian Ventura**, an individual; **Harlee Beard**, an individual; and **JOHN AND JANE DOES 1-20**;<br><br>Defendants. | Case No.: 3:25-cv-01620<br><br>**COMPLAINT**<br><br>**42 U.S.C. § 1983, 14th Amendment Violation; Wrongful Death**<br><br>DEMAND FOR JURY TRIAL |

Page 1 – **COMPLAINT**

## INTRODUCTION

1.

When officers brought Robert Hight III into custody at the Clackamas County Jail on December 14, 2023, he had dangerously high blood pressure. In recent months Clackamas County jail staff and its medical provider, NaphCare, had twice refused to book Mr. Hight into the jail, and had sent him to the hospital instead, because of similarly high blood pressure readings. This time they failed to do so, contravening their own policies. Jail deputies and medical providers then ignored Mr. Hight's pleas for help for hours. The medication they eventually provided to Mr. Hight was not effective, and his blood pressure continued to spike. Yet staff still did not send him to the hospital, even though he was obviously experiencing a medical emergency. The next day Mr. Hight collapsed, barely responsive, because of a massive brain bleed caused by the hypertension. He died of the brain hemorrhage on December 17, 2023.

2.

This is an action under 42 U.S.C. § 1983 and O.R.S. 30.020 for NaphCare's and Clackamas County's deliberate indifference in failing to provide for Mr. Hight's serious medical needs, and for wrongful death under Oregon law.

## JURISDICTION

3.

This Court has jurisdiction over the case by virtue of the claims arising under the Fourteenth Amendment to the United States Constitution, made enforceable through 42 U.S.C. § 1983, and Oregon common law. Jurisdiction over the federal claims arises through 28 U.S.C. §

1331 and 28 USC § 1343(a). Jurisdiction over the state law claims arises through 28 U.S.C. § 1367. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(2).

**4.**

Venue is proper under 42 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in the District.

**PARTIES**

**5.**

Plaintiff Charity Tyler, a citizen of Oregon, is the duly appointed personal representative for the estate of Robert Hight III. She is Mr. Hight's daughter. Plaintiff brings these claims as personal representative for the Estate of Robert Hight III.

**6.**

Defendant NaphCare, Inc. is a foreign business corporation headquartered in Alabama and authorized to do business in the State of Oregon. NaphCare contracts with government agencies to provide medical and mental health services in jails and prisons, including in the Clackamas County Jail. In December 2023, NaphCare was providing medical services at the Clackamas County Jail, acting under color of state law.

**7.**

Defendant Clackamas County is a county governmental entity organized under the laws of the State of Oregon and is a person for purposes of 42 U.S.C. § 1983. Clackamas County operates the Clackamas County Sheriff's Office, which operates the Clackamas County Jail.

**8.**

Defendant Dr. Jill Crum is a doctor licensed to practice in Oregon and was the site medical director for NaphCare in the Portland area at all times relevant to this Complaint. Dr. Crum was an agent of NaphCare, acting within the scope of her agency.

Page 3 – **COMPLAINT**

9.

Donna Conway and Gia Stone are Nurse Practitioners licensed by the state of Oregon. At all relevant times, they were employed by NaphCare as nurse practitioners at the Clackamas County Jail.

10.

Therese Hutchins, Taylor Rumelhart, and Svetlana Ignashov are registered nurses who were employed by NaphCare in the Clackamas County Jail at all times relevant to this Complaint.

11.

Defendant Angela Brandenburg is the Sheriff of Clackamas County, and at all material times was responsible for the actions of other members of the Clackamas County Sheriff's Office, and for the creation and implementation of policies, customs and procedures of the Clackamas County Jail. At all times material she acted under color of state law.

12.

Defendants Emma Kathleen Lucas, Benjamin Cyphers, Arthur Sean Johnson, Nicole Dunbar, Victor Villalta, Ryan Therle Lewis Teeter, Robert Joseph Pena, Nicole M. Yakis, Brannon James MacFarlane, Felix Sebastian Ventura, and Harlee Beard were sheriff's deputies and employees of Clackamas County Jail, acting under color of state law, who at all relevant times were responsible for supervision and care of Mr. Hight.

13.

Defendants Corey Smith, Emily Radmer, Matthew Savage, and Nicholas J. Johnson, Aaron J. Hatfield, were corrections supervisors and at all relevant times were responsible, acting under color of state law, for the actions of other members of the Clackamas County Sheriff's Office in their care and custody of persons detained in the Clackamas County Jail.

Page 4 – **COMPLAINT**

**14.**

John and Jane Does 1-10 are unidentified employees or contractors of NaphCare, responsible for medical care at the Clackamas County Jail in December 2023. This Complaint will be amended to state their true identities when they become known.

**15.**

John and Jane Does 11-20 are unidentified employees of Clackamas County responsible for the care and custody of Mr. Hight and/or for the policies, procedures and customs of the Clackamas County Jail in December 2023. This Complaint will be amended to state their true identities when they become known.

**FACTUAL ALLEGATIONS**

**16.**

On December 14, 2023, Robert Hight III was booked into the Clackamas County Jail. He had been picked up on an active warrant with a charge of interfering with public transportation. The underlying charge alleged that he had refused to get off a TriMet bus on September 3, 2023, and was otherwise disorderly.

**17.**

Mr. Hight was known to the deputies and medical staff at the Clackamas County jail from a handful of recent incarcerations. Medical and jail staff knew that Mr. Hight had a history of high blood pressure, that he chronically abused alcohol, and that he was at high risk for a stroke.

**18.**

Just a few days before, on December 8, Mr. Hight had been brought in on the same active warrant. He complained of chest pain, had an abnormal EKG, and was hypertensive despite

Page 5 – **COMPLAINT**

medications. Even so, the onsite NaphCare medical staff at the Clackamas County Jail medically cleared him to stay in jail on December 8.

**19.**

NaphCare's offsite Nurse Practitioner group, STATcare, overrode the local determination and ordered that Mr. Hight be transported to the hospital immediately. Booking Sergeant Aaron Hatfield released Mr. Hight from custody and he was transported to the hospital.

**20.**

Before December 8, Mr. Hight's most recent encounter with the Clackamas County Jail had been on November 13, 2023. Upon screening that day, Mr. Hight's blood pressure reading was 223/137. Consistent with NaphCare policy, Mr. Hight was refused admission to the jail because of this hypertensive crisis and was sent to the hospital.

**21.**

Likewise, on September 3, 2023, Clackamas County Jail refused admission to Mr. Hight because of high blood pressure and concern regarding the potential for a stroke. Clackamas County instead transported Mr. Hight to the hospital.

**22.**

The NaphCare Intake Assessment and Orders form, which guides medical intake screening in the jail, instructs that where blood pressure is ">200/120 or patient symptomatic at any elevated BP *Notify nurse to refuse from Intake and/or send to ER."

**23.**

On December 14, 2023, jail intake staff booked Mr. Hight at 7:47 pm. Deputy Robert Pena conducted classification and mental health screenings of Hight, which Sergeant Matthew Savage reviewed. Deputy Pena noted that Mr. Hight complained of chest pain and high blood pressure, and that Mr. Hight was cooperative, elderly, and had trouble seeing. He referred Mr.

Page 6 – **COMPLAINT**

Hight to medical; yet no one from medical came to conduct a medical screening. Instead, staff placed Mr. Hight into the main booking tank.

24.

Once in the booking tank, Mr. Hight repeatedly pressed the emergency button and said he needed to see medical. But Deputies Harlee Beard and Kathleen Emma Lucas did not arrange for Mr. Hight to be seen by the nurse on duty. Soon after, Booking Sergeant Aaron Hatfield decided that Mr. Hight was "not ready" to see the nurse and placed him in an isolation cell.

25.

Locked in the isolation cell, Mr. Hight continued pressing the duress alarm and vocally demanding to be seen by medical. Instead of attending to Mr. Hight's medical needs, Booking Sergeant Hatfield silenced the duress alarm.

26.

Mr. Hight was not seen by any medical staff until after 10:00 pm. His blood pressure at that time was 230/141, and he begged to be sent to the hospital. Despite the high reading, NaphCare Nurse Taylor Rumelhart and Clackamas County jail staff did not send Mr. Hight to the hospital, as NaphCare policies require.

27.

Mr. Hight still had an outstanding prescription for blood pressure medication from his prior incarceration the week before. NaphCare Nurse Practitioner Donna Conway had ordered .1 mg of Clonidine to be administered twice a day through December 15. Nurse Rumelhart gave him a dose. Nursing staff had notified STATcare of the blood pressure readings and they were following the case.

Page 7 – **COMPLAINT**

**28.**

Though the Clonidine briefly reduced Mr. Hight's blood pressure, by 2:36 am on December 15, nurse Therese Hutchins recorded that his blood pressure was back up again at 219/139. Nurse Hutchins flagged Mr. Hight as a stroke risk and noted that he was delusional, agitated, and no longer oriented to time. She observed that he was "demanding to be taken to the hospital," and that he was "able to yell and scream clearly." Defendants still did not send Mr. Hight to the hospital.

**29.**

Mr. Hight continued pressing the distress button throughout the night. Defendants Arthur Sean Johnson, Robert Joseph Pena, Aaron J. Hatfield, Emma Kathleen Lucas, Benjamin Cyphers, Victor Villalta, Ryan Therle Lewis Teeter, Nicole M. Yakis, Brannon James MacFarlane, and Felix Sebastian Ventura did "checks" on Mr. Hight approximately every 15 minutes. They peered into the isolation cell through a window in the door. Upon information and belief, they did not speak to him, assess his condition, or call for medical intervention.

**30.**

At 7:21 am on December 15, Mr. Hight's blood pressure was even higher, at 249/150. STATcare Corporate Nurse Practitioner Gia Stone reviewed Mr. Hight's chart at 7:26 am but did not order that he be sent to the hospital. Instead, she assessed him with alcohol withdrawal and ordered cool fluids, "comfort meds," continued the .1 mg of Clonidine twice a day, and ordered another blood pressure check in an hour.

**31**.

Nurse practitioner Donna Conway also ordered medications for Mr. Hight to lower his blood pressure on December 15, but did not order that he be sent to the hospital.

32.

NaphCare regional Medical Director Dr. Jill Crum ordered that Mr. Hight be given Diazepam, an anti-anxiety and anti-seizure medication prescribed for alcohol withdrawal, but did not order that he be sent to the hospital.

33.

Nurse Therese Hutchins administered a double dose of Clonidine, .1 mg at 8:00 am and another .1 mg at 8:10 am, and gave Mr. Hight a second dose of Diazepam.

34.

By 8:30 in the morning on December 15, Mr. Hight was falling into the wall, struggling to get up, and stumbling around his cell. No one checked his blood pressure. Defendant deputies looked into the cell and observed him in this condition, but did nothing.

35.

At 9:00 am Mr. Hight told Deputy Benjam Cyphers that he was not well and asked to see the nurse again. Deputy Cyphers notified NaphCare nurse Svetlana Ignashov and Sergeant Smith.

36.

NaphCare nurse Svetlana Ignashov recorded a blood pressure of 180/117 at 9:24 am. She administered a third .1 mg of Clonidine and took no further action. Neither did Sergeant Smith, Sergeant Hatfield, or Sergeant Radmer (who supervised Smith).

37.

At 12:16 pm, Mr. Hight fell, hit his head, and remained lying on the floor. For nearly an hour, he exhibited repetitive seizure-like movements and was unable to get up. Deputies looked in on Mr. Hight while he was in this condition at least four times and took no action.

Page 9 – **COMPLAINT**

**38.**

It was not until Deputy Arthur Johnson brought Mr. Hight's lunch tray into the cell at 12:58 that anyone responded to Mr. Hight's medical distress. By that time Mr. Hight was non-responsive, lying on his back on the cell floor. Deputy Johnson entered the cell and noticed that Mr. Hight had shallow breathing and a purple complexion. He tapped and poked at Mr. Hight and received no response. Deputy Johnson called for the nurse.

**39.**

Nurse Taylor Rumelhart arrived and attempted to speak to Mr. Hight, but he could not speak. She took his blood pressure, which was 251/161. Sergeant Smith called for an ambulance.

**40.**

Clackamas County jail staff released Mr. Hight from custody. He was transported to Kaiser Sunnyside Medical Center at around 1:20 in the afternoon.

**41.**

At Kaiser Sunnyside, doctors found that Mr. Hight was suffering from a very large brain hemorrhage, which they determined was not survivable by the time he arrived at the hospital. They recommended comfort care and began looking for next of kin.

**42.**

Mr. Hight had five children, Faith Entze, Aaron Hight, Charity Tyler (Plaintiff and personal representative), Robert Makin, and Sarah Hight. On the evening of December 15, 2023, social workers contacted Faith Entze, who came to his bedside and contacted others. The hospital kept Mr. Hight on life support while the family came together. Ultimately Mr. Hight was pronounced dead on December 17.

43.

The brain bleed that Robert Hight suffered was a treatable condition. If Mr. Hight had received timely and appropriate medical care when he reported his symptoms, the condition could have been reversed or avoided.

44.

Instead of providing necessary and timely care for Mr. Hight's serious medical need, NaphCare and Clackamas County were deliberately indifferent to his worsening symptoms until his brain bleed was so advanced that it was not treatable.

45.

On information and belief, no employee of Clackamas County or NaphCare was disciplined or fired for failing to provide adequate medical care to Robert Hight III.

46.

Clackamas County Jail and NaphCare have a history of inadequate medical care and deliberate indifference to the serious medical needs of people in custody, including but not limited to the following:

a. Jermelle Madison was incarcerated at Clackamas County Jail in 2021. He had documented severe mental illness and was a known suicide risk. He killed himself after Clackamas County Jail and NaphCare repeatedly failed to treat him or respond to his requests to see a nurse.

b. Dale Duane Pacholl was incarcerated at Clackamas County Jail in 2019. At intake, it was noted that he suffered from Hepatitis C. A few days later he started experiencing nausea, vomiting, abdominal pain, and other symptoms. His abdomen was distended and he complained of 10 out of 10 pain. Yet Clackamas County Jail and NaphCare staff refused to take him to the hospital. Mr. Pacholl's condition deteriorated further over the course of four days, while the jail

Page 11 – **COMPLAINT**

staff and NaphCare failed to act. When Clackamas County Jail and NaphCare finally sent him to the hospital, he died there a few hours later.

c. Eddie Santos was incarcerated at the Washington County Jail, which contracts with Naphcare, in 2019. NaphCare failed to treat his chondrocalcinosis for more than 6 months by (among other things) failing to provide proper medication and failing to send him to a specialist. This caused him to suffer months of preventable pain, and irreversibly aggravated the condition.

d. Jeffrey Simms-Belaire was incarcerated at the Washington County Jail, which contracts with NaphCare, in 2017 and 2018. He was denied adequate medical care for an open wound on his ankle for seven months. The lack of care ultimately caused a stage IV ulcer and MRSA.

e. Dale Thomsen was incarcerated at the Washington County Jail, which contracts with NaphCare, in 2017. For three days, Mr. Thomsen's condition deteriorated, until he finally collapsed and died. NaphCare failed to respond to his medical needs or send him to the hospital.

### 47.

Plaintiff has timely provided notice to Clackamas County of her intent to bring tort claims.

**FIRST CLAIM FOR RELIEF (Failure to Provide Adequate Medical Care)**
**42 U.S.C. §1983 Violation of the 14th Amendment**
**Against All Individual Defendants**

Plaintiffs reallege and incorporate paragraphs 1 through 47 above.

### 48.

The 14th Amendment to the United States Constitution grants Mr. Hight, a pre-trial detainee, the established right to adequate medical care.

**49.**

Defendants, in their individual capacities, were objectively deliberately indifferent to Mr. Hight's serious medical needs in one or more of the following ways:

    a.    By failing to provide Mr. Hight with prompt and appropriate medical attention for his serious medical needs;

    b.    By failing to provide Mr. Hight with a proper and timely medical screen;

    c.    By failing to ensure that Mr. Hight was fully evaluated by a doctor or nurse practitioner after he exhibited potentially life-threatening symptoms;

    d.    By failing to transfer Mr. Hight to a hospital for imaging, diagnosis and treatment when his blood pressure was dangerously high, and when his blood pressure continued to be dangerously high even after he took medication;

    e.    By failing to follow NaphCare and Clackamas County protocol that required medical staff to send Mr. Hight to the hospital for evaluation.

**50.**

As a result of Defendants' actions and/or inactions, Mr. Hight endured severe physical and emotional distress, his medical condition was exacerbated, and he died of a treatable condition. His children have been denied his love, society and companionship.

**51.**

Mr. Hight's estate is entitled to compensatory damages in an amount to be determined by the jury.

**52.**

The actions or inactions of the individual Defendants were reckless and callously indifferent to Mr. Hight's constitutional rights, and punitive damages are appropriate to deter

such conduct in the future.

**53.**

Plaintiff is entitled to necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. §1983 Violation of 14th Amendment**
***Monell* Claims against Defendants Clackamas County and NaphCare**

Plaintiff realleges and incorporates paragraphs 1-53.

**54.**

The moving forces that resulted in deprivation of Mr. Hight's 14th Amendment rights were policies, customs or practices of Clackamas County and NaphCare, including but not limited to:

    a.    A policy, custom or practice of failing to train deputies to recognize serious medical needs and respond appropriately;

    b.    A policy, custom or practice of failing to provide prompt and appropriate medical attention for the serious medical needs of inmates;

    c.    A policy, custom or practice of failing to provide inmates with proper and timely medical screenings;

    d.    A policy, custom or practice of failing to refer inmates for evaluation by a doctor or nurse practitioner after they exhibit potentially life-threatening symptoms;

    e.    A policy, custom or practice of failing to meet widely accepted community standards of care with regard to medical services for people in custody.

55.

The policies, customs or practices of Defendants Clackamas County and NaphCare posed a substantial risk of causing serious harm to Clackamas County Jail detainees, and Defendants were aware of the risk.

56.

As a direct result of the policies, customs or practices of Defendants Clackamas County and NaphCare, Mr. Hight was not provided appropriate or timely medical care despite his obvious need. He was forced to die in pain from a treatable and reversible condition. His family has been denied his love, society and companionship.

57.

Mr. Hight suffered severe physical mental and emotional distress prior to his death. Mr. Hight's estate is entitled to compensatory damages in an amount to be determined by the jury.

58.

Plaintiff is entitled to necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

**THIRD CLAIM FOR RELIEF (Failure to Supervise)**
**42 U.S.C. § 1983 Violation of the 14th Amendment against Defendants Jill Crum, Gia Stone, Donna Conway, Corey Smith, Emily Radmer, Matthew Savage, Nicholas J. Johnson, Aaron J. Hatfield; Angela Brandenburg.**

Plaintiffs realleges and incorporate paragraphs 1-58.

59.

Defendants Jill Crum, Gia Stone, Donna Conway, Corey Smith, Emily Radmer, Matthew Savage, Nicholas J. Johnson, Aaron J. Hatfield, and Angela Brandenburg supervised medical and corrections staff at the Clackamas County Jail during Mr. Hight's incarceration. They were aware of the policies, customs and practices as alleged in paragraph 59, above, and were aware

that those policies, customs or practices created a substantial risk of causing serious harm to Clackamas County detainees. Despite their knowledge, supervisors allowed, approved of, and ratified the policies, customs and practices.

60.

Defendants failed to properly supervise their subordinates, resulting in the neglect and damages alleged herein, including but not limited to Mr. Hight's otherwise avoidable death. The above Defendants were aware that failure to supervise created a substantial risk of causing harm to Clackamas County detainees.

61.

Defendants failed to adequately train NaphCare and Clackamas County employees to provide people in custody with prompt and appropriate medical attention to their serious medical needs; to respond properly to a person in custody experiencing neurological symptoms; to recognize medical emergencies; to perform medical intake screenings in a timely manner; and to transfer people housed in the Clackamas County Jail to the hospital if the person is experiencing a medical emergency. The above Defendants were aware that failure to train created a substantial risk of causing harm to Clackamas County detainees.

62.

As a direct result of the actions or inactions of Defendants, Robert Hight III was not provided appropriate or timely medical care despite his obvious need. He was forced to die in pain from a treatable and reversible condition. His family has been denied his love, society and companionship.

63.

Robert Hight suffered severe physical mental and emotional distress prior to his death. Mr. Hight's estate is entitled to compensatory damages in an amount to be determined by the

jury.

**64.**

Defendants' actions were reckless and callously indifferent to Mr. Hight's constitutional rights, and punitive damages are appropriate to deter such conduct.

**65.**

Plaintiff is entitled to necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

**FOURTH CLAIM FOR RELIEF**
**Negligence and Wrongful Death**
**Against All Defendants**

Plaintiff realleges and incorporates paragraphs 1- 65.

**66.**

This is a suit for damages arising out of negligence on the part of Defendants Clackamas County and NaphCare, through their officers, employees and contractor(s). Defendants failed in their duty to protect a person in the care and custody of the Clackamas County Jail. The duty of care includes ensuring that people in custody receive adequate and timely medical care.

**67.**

Defendants breached their duty of care and were negligent by not providing Mr. Hight with adequate and timely medical care, and by failing to adequately train NaphCare and Clackamas County employees to recognize serious medical needs and respond to them appropriately. Defendants' acts and omissions created a foreseeable risk of harm, including death, to Mr. Hight.

**68.**

Mr. Hight's death was caused by the acts and omissions of the Defendant County's and Defendant NaphCare's employees and agents alleged herein.

Page 17 – **COMPLAINT**

**69**.

Plaintiff has been damaged in an amount to be determined by the jury at the time of trial.

**70.**

The acts and omissions as alleged show a reckless and outrageous indifference to a highly unreasonable risk of harm to Mr. Hight and conscious indifference to the health, safety and welfare of Mr. Hight and other similarly situated persons. Plaintiff is entitled to recover punitive damages from Defendants in an amount to be determined at the time of trial.

**PRAYER FOR RELIEF**

A jury trial is demanded for all issues so triable.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. On all claims, that Mr. Hight's protected rights were violated to his detriment;

2. For compensatory damages in an amount to be determined by the jury, together with prejudgment interest thereon;

3. For punitive damages in an amount to be determined by the jury;

4. For Plaintiff's reasonable attorney fees on the federal claims; and

5. For Plaintiff's costs and disbursements incurred herein.


DATED September 9, 2025

JOHNSON JOHNSON LUCAS & MIDDLETON PC

/s/ Caitlin V. Mitchell

**Caitlin V. Mitchell,** OSB No. 123964
cmitchell@justicelawyers.com
975 Oak Street, Suite 1050
Eugene, OR 97401
Tel: (541) 484-2434   Fax: (541) 484-0882
Attorneys for Plaintiff

Page 18 – **COMPLAINT**